FILED
JAMES BONINI
CLERK

2011 MAR 14 PM 4:04

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MICHAEL GILL**<br>8710 Kenwood Road, House 2<br>Cincinnati, Ohio 45242 | ) | **CASE NO.:** 1:11 CV 160 |
| | ) | **JUDGE:** Weber |
| **AND** | ) | |
| | ) | |
| **HEATHER HEITMEYER**<br>8710 Kenwood Road, House w<br>Cincinnati, Ohio 45242 | ) | |
| | ) | |
| Plaintiffs, | ) | **MAGISTRATE JUDGE:** |
| | ) | |
| **v.** | ) | <u>Civil Complaint</u> |
| | ) | |
| **U.S. BANK, NATIONAL ASSN.**<br>c/o Statutory Agent United States<br>Natl. ETC<br>425 Walnut Street<br>Cincinnati, Ohio 45202 | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| **AND** | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.**<br>c/o Statutory Agent Csc-Lawyers<br>Incorporating Service<br>50 West Broad Street<br>Columbus, Ohio 43215 | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CHINA BROWN**<br>c/o Wells Fargo Bank, N.A.<br>3476 Stateview Blvd.<br>Fort Mill, South Carolina 29715 | ) | |
| | ) | |
| **AND** | ) | |

1

| | |
|---|---|
| **AMERICA'S SERVICING COMPANY** | ) |
| **c/o Statutory Agent Norwest Mortgage,** | ) |
| **Inc.** | ) |
| **MAC X2406-011 1 Home Campus** | ) |
| **Des Moines, Iowa 50328** | ) |
| | ) |
| **Defendants.** | ) |

Now come Plaintiffs, Michael Gill and Heather Heitmeyer ("Plaintiffs"), and for their complaint against Defendants, U.S. Bank, National Association, Wells Fargo Bank, NA, China Brown, and America's Servicing Company, state as follows:

## PARTIES

1. At all relevant times, Plaintiffs were both residents of Warren County, Ohio, with a principal place of residence at 6066 Driftwood Court, Maineville, Ohio 45039 ("the Property"). Plaintiffs are now husband and wife and reside in Hamilton County, Ohio.

2. Defendant U.S. Bank National Association ("U.S. Bank") is a corporation with substantial business ties to Warren County, Ohio.

3. Defendant Wells Fargo Bank, NA ("Wells Fargo") is headquartered at 3476 Stateview Blvd., Fort Mill, South Carolina 29715. Defendant Wells Fargo has significant business ties to Warren County, Ohio.

4. Defendant China Brown ("China Brown") is and was a "Vice President of Loan Documentation" employed at all relevant times by Defendant Wells Fargo and/or U.S. Bank NA.

5. Upon information and belief, America's Servicing Company is headquartered in Iowa with significant business ties to Warren County, Ohio.

2

## JURISDICTION AND VENUE

6. This Court has original jurisdiction to hear this matter pursuant to 15 U.S.C. 1692 § 801, et seq. Defendants' conduct giving rise to this complaint occurred in Warren County, Ohio, and is in violation of the federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the common law, among other things.

7. This Court is the proper venue for this matter because Defendants' conduct giving rise to this complaint occurred in Warren County, Ohio.

## FACTUAL BACKGROUND

8. This is an action relating to, *inter alia*, Defendants' robo signing activities. This complaint is not an attack on the state court's judgment granting Defendants a foreclosure. Plaintiffs are not complaining to this Court about the decision the state court made in granting Defendants a foreclosure. Instead, this complaint alleges independent acts of fraud, among other things, against Defendants.

9. Plaintiffs first learned of Defendants' potentially fraudulent activities in ***January of 2011***. If Plaintiffs would have known of Defendants' potentially fraudulent actions prior to January of 2011, they would have sought the advice of an attorney sooner, and they would have filed a lawsuit similar to this, prior to the date of the filing of this complaint.

10. On June 8, 2007, Defendant U.S. Bank initiated a foreclosure lawsuit against Plaintiffs in the Warren County Court of Common Pleas, carrying case number 07 CV 68633. ("the Foreclosure Action"). The caption of the case carries the name of *U.S. Bank NA v. Heather Heitmeyer and Michael Gill, et al.*

11. U.S. Bank attached to the complaint a copy of the original mortgage covering the Property. ("the Mortgage"). The Mortgage purported that Mortgage Electronic

3

Registration Systems, Inc. ("MERS") was the mortgagee. The Mortgage was executed on or about June 30, 2005.

12. U.S. Bank also attached to the complaint a copy of the original note covering the Property. ("the Note"). The Note was executed in favor or Home Loan Corporation dba Expanded Mortgage Credit. The Note was executed on or about June 30, 2005.

13. U.S. Bank also attached to the complaint an "Allonge to Mortgage Note" ("the Allonge"). The Allonge is executed by a Betty Doran, the purported "Closer" of Home Loan Corporation dba Expanded Mortgage Credit. Upon information and belief, Betty Doran is and was not in fact an employee or the "Closer" for Home Loan Corporation dba Expanded Mortgage Credit.

14. Despite that there was nothing attached to the complaint demonstrating that any Defendant herein had any interest, legal or otherwise, in the Mortgage and/or the Note, U.S Bank alleged in the complaint that it was the "holder and owner" of the Note.

15. Plaintiffs did not answer U.S. Bank's complaint in the Foreclosure Action, or otherwise plead.

16. On July 23, 2007, U.S. Bank filed a motion for default judgment in the Foreclosure Action.

17. Along with the motion for default judgment, Defendants filed an "Affidavit of Status of Account and Military Affidavit." ("the Affidavit" is attached hereto as Exhibit "A").

18. The Affidavit is executed by China Brown, the alleged "Vice President of Loan Documentation with Wells Fargo Bank, N.A, as servicing agent for U.S. Bank National Association[.]" In the Affidavit, Ms. Brown states:

4

1. [A]ffiant has the custody of and has personal knowledge of the accounts of said company, and specifically with the account of Heather K. Heitmeyer and Michael J. Gill, defendants herein.

***

2. Affiant states that said account is in default[.] ***

3. Affiant states that there is due on said account a principal balance of $184,400.00[.]

19. China Brown's affidavit is inaccurate in many respects. Ms. Brown did not have "custody of and...personal knowledge of the accounts" of Defendants. Likewise, Ms. Brown did not have "custody of and...personal knowledge of" the account of Plaintiffs Heather K. Heitmeyer and Michael J. Gill.

20. By giving China Brown the title of "Vice President of Loan Documentation," Defendants meant to mislead the Court in the Foreclosure Action, and Plaintiffs, into believing she was a person with the knowledge and authority to make the statements she did in the Affidavit, and thus not question the validity of it. Instead of being called a "vice president," Ms. Brown should realistically been given the title, "Affidavit Signer."

21. Defendants' statements that they were the holder of the note and mortgage were false, and were meant to mislead the Court and the Plaintiff into believing they had the right to foreclose.

22. The entire Foreclosure Action noted was contaminated by the fraud of Defendants. As a result of that fraud, Defendants were permitted, under color of law, to take the Property away from Plaintiffs.

23. Despite the inaccuracies contained in the Affidavit, Defendants submitted the Affidavit to the court in the Foreclosure Action. Defendants knew or should have known that Ms.

Brown did not have "personal knowledge" and/or "custody" of anything relating to Plaintiffs' accounts when she attested that said account is in default.

24. The court in the Foreclosure Action granted Defendants' motion for default judgment on July 23, 2011, **the same day it was filed**.[1]  In granting Defendants' motion for default judgment, the Court in the Foreclosure Action relied on the Affidavit and the false allegations in the complaint that Defendants were the "holder and owner" of the Note.

25. As a result of the judgment Defendants obtained against Plaintiffs, the Property was sold at sheriff's auction on November 6, 2007.

26. Throughout the period of time the Foreclosure Action was pending in the common pleas court, Plaintiffs believed Defendant U.S. Bank was working with them in good faith to enter into a loan modification and/or a short sale.

27. US Bank requested from Plaintiffs the same financial paperwork over and over again. U.S. Bank would always, like clockwork, respond to these documents by advising Plaintiffs they had forgotten certain documents or otherwise did not provide them.  This was simply untrue.

28. In response, Plaintiffs would make every effort to comply with U.S. Bank's allegations that they did not provide the required financial documentation.

---

[1] The court's granting of Defendants' motion for default judgment was improper because Plaintiffs had "appeared" in the action prior to the filling of the motion for default judgment.  Between June 8, 2007, the date the Foreclosure Action was filed, and July 23, 2007, the date Defendants filed the motion for default judgment, Plaintiff Michael Gill and Defendants' law firm, Lerner Sampson & Rothfuss ("LSR"), engaged in several telephone calls wherein Plaintiff Gill expressed a clear intent to defend the action, and also a clear intent that he would like to work with LSR to resolve the matter.  Between this period of time, Plaintiff Gill also talked on the telephone with U.S. Bank NA on several occasions to discuss the same issues.  Because of this, Plaintiffs "appeared" in the Foreclosure Action under Civ. R 55.  Ohio case law is clear that a single call to opposing counsel from a defendant who expresses an intent to defend a lawsuit constitutes an "appearance" such that default judgment is improper. *Rocha v. Salisbury*, 2006-Ohio-2615.

29. In reality, U.S. Bank at all relevant times had all of the financial documentation from Plaintiffs that was necessary to make a determination of whether or not to grant them a loan modification and/or short sale approval. U.S. Bank's ulterior motive was always to string Plaintiffs along so that it could ultimately foreclose on the Property.

30. U.S. Bank's hope was that Plaintiffs would not engage counsel in the Foreclosure Action so that it could continue to lead Plaintiffs to believe everything "would be okay."

31. During the pendency of the Foreclosure Action, Plaintiffs and U.S. Bank also discussed the potential of selling the Property via short sale.

32. In a letter dated October 3, 2007, U.S. Bank through Defendant America's Servicing Company, denied the potential of a short sale of the Property.

33. In a letter dated October 12, 2007, U.S. Bank, again through Defendant America's Servicing Company, for some reason, again denied the potential of a short sale of the Property.

34. In a letter dated October 30, 2007, about 7 days before the sheriff's sale of the Property, U.S. Bank through America's Servicing Company continued to lead Plaintiffs to believe U.S. Bank intended to work with them toward a loan modification.

35. The efforts on the part of U.S. Bank and Defendant America's Servicing Company to lead Plaintiffs to believe they would be approved for a loan modification and/or short sale, with the ulterior motive of foreclosing on the Property, were in bad faith.

## Count I: Promissory Estoppel

36. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

37. Defendants provided Plaintiffs with clear, unambiguous promises that Plaintiffs would be approved for a loan modification and/or a short sale of the Property.

7

38. Plaintiffs reasonably and foreseeably relied on Defendants' promises.

39. Plaintiffs have been injured as a result of their reasonable and foreseeable reliance.

40. As a direct and proximate result of Defendants' breach of their promise and their conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

**COUNT II: Violation of The Ohio Consumer Sales Practices Act**

41. Plaintiffs incorporate the foregoing paragraphs herein by reference.

42. Defendants have engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of R.C. §§ 1345.02, 1345.03, and/or 1345.031 by, among other things, proceeding to pursue a foreclosure action against Plaintiffs.

43. Such acts and practices have been previously determined by a court in Ohio to violate the Consumer Sales Practices Act, R.C. §§ 1345.01 et seq. Defendants committed said violations after such decisions were available for public inspection pursuant to R.C. § 1345.05(A)(3).

44. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

**COUNT III: Common Law Fraud**

45. Plaintiffs incorporate the foregoing paragraphs herein by reference.

46. Defendants (a) made representations to the Warren County Court of Common Pleas and to Plaintiffs herein; (b) which were material to the proceedings between the parties as described above; (c) which were made with knowledge of their falsity and with utter disregard for whether they were true of false; (d) which were made with the intent of misleading Plaintiffs and the Warren County Court of Common Pleas into relying upon

them; and (e) on which Plaintiffs and the Warren County Court of Common Pleas justifiably relied.

47. In other words, among other things, Defendants provided the false and fraudulent Affidavit to the Warren County Court of Common Pleas with the home that the court would reasonably rely upon it, which it did. Defendants also fraudulently led Plaintiffs to believe they would be approved for a loan modification and/or short sale with the ulterior motive of foreclosing on the Property.

48. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## COUNT IV: Breach of the Covenant of Good Faith and Fair Dealing

49. Plaintiffs incorporate the foregoing paragraphs herein by reference.

50. Defendants were obligated by either contract or common law to act in good faith and to deal fairly with Plaintiffs. Plaintiffs and Defendants enjoyed a special relationship.

51. The purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

52. Defendants have breached this duty owed to Plaintiffs by failing to approve them for a loan modification and/or a short sale, among other things.

53. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## COUNT V: Violation of the Fair Debt Collection Practices Act

54. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs here.

55. Plaintiffs are "consumers" as contemplated by 15 U.S.C. 1692 § 803(1).

56. Defendants are "creditors" as contemplated by 15 U.S.C. 1692 § 803(4).

57. Defendants are "debt collectors" as contemplated by 15 U.S.C. 1692 § 803(6).

58. As described above, Defendants engaged in false and misleading representations, in violation of 15 U.S.C. 1692 § 807.

59. As described above, Defendants engaged in unfair practices, in violation of 15 U.S.C. 1692 § 808.

60. As a direct and proximate result of Defendants' conduct as describe herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## COUNT VI: Violation of the Fair Credit Reporting Act

61. Plaintiffs incorporate the foregoing paragraphs herein by reference.

62. Defendants qualified as a provider of information to the credit reporting agencies, including but not limited to, Experion, Equifax, and TransUnion, under the federal Fair Credit Reporting Act.

63. Defendants wrongfully, improperly, and illegally reported negative information as to Plaintiffs to one or more credit reporting agencies resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO score.

64. Pursuant to 15 U.S.C. 1681(s)(2)(b), Plaintiffs are entitled to maintain a private cause of action against Defendants for an award of damages in an amount in excess of $75,000.00.

## COUNT VII: Bad Faith

65. Plaintiffs incorporate the foregoing paragraphs herein by reference.

66. Plaintiffs and Defendants entered into an agreement.

67. Defendants as a result owed a duty of good faith and fair dealing to Plaintiffs.

68. Defendants refused to abide by the terms of the agreement, in bad faith.

69. Defendants had no reasonable basis to not abide by the terms of the agreement with respect to a loan modification and/or a short sale.

70. Defendants' failure to abide by the terms of the agreement has resulted from Defendants' bad faith, in breach of the covenant of good faith and fair dealing.

71. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount in excess of $75,000.00.

### Count VIII: Abuse of Process

72. Plaintiffs incorporate the foregoing paragraphs herein by reference.

73. In filing the Foreclosure Action against Plaintiffs, Defendants set in motion a legal proceeding within a purported proper forum and with probable cause.

74. Defendants' actions as described herein in relation to the Foreclosure Action against Plaintiffs have perverted the proceeding in order to accomplish an ulterior purpose for which the proceeding was not designed – that ulterior purpose being to wrongfully foreclose on the Property.

75. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

### Count IX: Civil Conspiracy

76. Plaintiffs incorporate the foregoing paragraphs herein by reference.

77. Defendants engaged in a malicious combination involving at least two people or entities.

78. Defendants' malicious combination caused injury to Plaintiffs.

79. There exists an unlawful act independent from the conspiracy itself.

80. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## Count X: Violation of Ohio's "Baby RICO" Statute

81. Plaintiffs incorporate the foregoing paragraphs herein by reference.

82. Defendants acted in violation of Baby RICO by engaging in and participating in Plaintiffs' affairs through a pattern of corrupt activity and collection of unlawful debt.

83. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## COUNT XI: Negligent Supervision

84. Plaintiffs incorporate the foregoing paragraphs herein by reference.

85. Defendants had full and complete knowledge that its employees and agents were engaged in a widespread fraud, including the conduct of Defendant China Brown.

86. After full and complete knowledge of this fraud, Defendants have not taken any remedial steps to stop such practices.

87. Such tortious conduct is reckless and negligent.

88. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have been damaged in an amount in excess of $75,000.00.

## Prayer for Relief

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

(a) For compensatory damages in excess of $75,000.00;

(b) For punitive damages in an amount to be determined at trial;

(c) A civil penalty of not less than $25,000.00 for each separate and appropriate violation described herein, and pursuant to R.C. § 1345.07(D);

(d) A civil penalty for each and every violation of the FCRA, FDCPA;

(e) For reasonable and/or statutory attorney's fees;

12

(f) For an order finding that Defendants are jointly and severally liable for all monetary amounts awarded; and

(g) For any other relief this Court deems appropriate.

Respectfully submitted,

**JUMP LEGAL GROUP, LLC**

JOHN SHERROD (0078598)
2120 Arlington Avenue
Columbus, Ohio 43221
614.481.7231
866.561.7315 fax
jsherrod@jumplegal.com

*Attorney for Plaintiffs*

**Jury Demand**

Plaintiff demands a trial by jury.

John Sherrod

13